UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATE A. LINDELL,

      Plaintiff,

v.                                                    Case No. 13-CV-759

WILLIAM POLLARD, CO II DAVID LEVEY,
BRIAN GREFF, LT. JESSIE SCHNEIDER,
MS. TOMASEK-HARPER, TONIA MOON,
CHARLES FACKTOR, and CINDY O'DONNELL,

      Defendants.

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER
(DOC. 38) AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DOC. 38)

Plaintiff has filed a motion to amend the scheduling order. He requests that the deadlines for the completion of discovery and for filing dispositive motions be extended until October 31, 2014, and November 21, 2014, respectively. These requests are not unreasonable and defendants have not objected.

Plaintiff has also filed a motion for appointment of counsel. He asserts that he does not have access to Wisconsin prison policies and procedures based on his recent transfer to federal custody. He further asserts that federal prison rules prohibit him from corresponding with Wisconsin prisoners thereby preventing him from gathering affidavits to show the irrationality of the destruction of his property as asserted in this case.

The court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel

on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 781 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

Plaintiff has satisfied the threshold requirement of trying to find an attorney on his own. Turning to his capacity, plaintiff's filings demonstrate his intelligence and understanding of his claim in this case in particular and of the law in general. Plaintiff is proceeding on a First Amendment free speech claim based on allegations that defendants arbitrarily denied him his art, books, and photos. The question then is whether his transfer to a federal prison prevents him from effectively litigating this case. Much of plaintiff's concerns stem from objections to his discovery requests that he "anticipates" defendants will make. However, anticipated objections to discovery requests does not factor in the court's decision whether to recruit counsel; in any event, plaintiff may always file a motion to compel discovery if he thinks it is warranted. With regard to institution policies, plaintiff may obtain Wisconsin Department of Corrections policies and procedures from defendants through discovery requests. Finally, with regard to plaintiff's assertion that federal prison policy prevents him from corresponding with Wisconsin Department of Corrections inmates to gather affidavits which would show the irrationality of the destruction of his property, the court is not convinced that this justifies the recruitment of counsel because it appears that the Federal Bureau of Prisons permits correspondence between confined inmates if the

other inmate "is a party or a witness in legal action in which both inmates are involved" or "in other exceptional circumstances."  See 28 C.F.R. § 540.17.  Therefore,

IT IS ORDERED that plaintiff's motion to amend the scheduling order (Docket # 38) is GRANTED. The Scheduling Order is amended as follows: the deadline for the completion of discovery is **October 31, 2014**, and the deadline for filing dispositive motions is **November 21, 2014**.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (Docket # 38) is DENIED.

Dated at Milwaukee, Wisconsin, this 8th day of October, 2014.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U.S. District Judge